IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | C.A. No: 3:14-cv-03653-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| ex. rel. DAVID H. HAMMETT, M.D., | ) | |
| | ) | **ANSWER TO** |
| Plaintiff-Relator | ) | **AMENDED COMPLAINT** |
| | ) | |
| v. | ) | |
| | ) | |
| LEXINGTON COUNTY HEALTH | ) | |
| SERVICES DISTRICT, INC. | ) | |
| d/b/a LEXINGTON MEDICAL CENTER | ) | |
| | ) | |
| Defendant. | ) | |

The Defendant Lexington County Health Services District, Inc. d/b/a Lexington Medical Center ("LMC") responds as follows to the allegations of the Amended Complaint (the "Complaint") of the United States of America ("Plaintiff") and the Relator David H. Hammett, M.D. (individually "Plaintiff-Relator" and collectively with the Plaintiff United States of America, the "Plaintiffs")).

## AS A FIRST DEFENSE

To the extent the allegations of the Complaint are not specifically admitted, explained, or modified below, the allegations are denied.

## AS A SECOND DEFENSE
(Specifically Responding to the Allegations of the Complaint)

1.      LMC denies so much of the allegations of the preamble to the Complaint as allege that LMC has illegally obtained any monies from federal health insurance programs, that LMC has committed any violations of the Stark Law or the Anti-Kickback Statute, that LMC has engaged in any illegal conduct, or that LMC has submitted any claims for payment in violation

of federal law. LMC is not required to admit or deny the allegations of the Preamble that state the legal basis for the Complaint as these allegations state conclusions of law.

2.      LMC is not required to admit or deny the allegations of Paragraph 1 as they state conclusions of law.

3.      LMC admits the allegations of Paragraph 2 of the Complaint insofar as they allege that LMC transacts business in the District of South Carolina and the Court has personal jurisdiction over LMC. LMC denies the remaining allegations of Paragraph 2 of the Complaint.

4.      LMC admits that venue is proper in the District of South Carolina.

5.      LMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and, therefore, denies them and demands strict proof thereof.

6.      LMC admits the allegations of Paragraph 5 of the Complaint insofar as they allege that Plaintiff-Relator David Hammett is a medical doctor, and that Plaintiff-Relator purports to bring this action on behalf of the United States. LMC denies the allegations of Paragraph 5 of the Complaint insofar as they allege that Plaintff-Relator has personal knowledge of each and every fact alleged in the Complaint in that many of the alleged "facts" are false and/or concern matters about which Plaintiff-Relator has no direct personal knowledge. LMC lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 of the Complaint and, therefore, denies them and demands strict proof thereof.

7.      LMC admits the allegations of Paragraph 6 of the Complaint insofar as they allege that LMC is a regional health services district incorporated in the State of South Carolina with its principal place of business located at 2720 Sunset Boulevard, West Columbia, South Carolina and that LMC's healthcare network includes a 400 plus bed hospital, six community-based medical and urgent care centers, an occupational health center, an extended care facility and a number of physicians, some of whom are employed by LMC. LMC denies that LMC's

network is county-wide and would affirmatively state that its network of healthcare facilities and services extends beyond the boundaries of Lexington County. LMC denies the remaining allegations of Paragraph 6 of the Complaint.

8.     LMC admits the allegations of Paragraph 7 of the Complaint insofar as they allege that the Medicare Program was created as part of the Social Security Act of 1965 and that one of the purposes of the Medicare Program is to make medical care available to the aged throughout the United States. LMC denies the remaining allegations of Paragraph 7 of the Complaint to the extent they are inconsistent with the applicable law..

9.     LMC is not required to admit or deny the allegations of Paragraph 8 of the Complaint insofar as they contain summaries or conclusions of law. LMC lacks information sufficient to form a belief as to whether most hospitals derive a substantial portion of their revenue from treating Medicare beneficiaries and billing the Medicare program. LMC admits that a portion of its revenue is derived from treating Medicare beneficiaries for which it is reimbursed by the Medicare program. LMC denies the remaining allegations of Paragraph 8 of the Complaint.

10.     LMC is not required to admit or deny the allegations of Paragraph 9 of the Complaint insofar as they contain summaries or conclusions of law. LMC denies the remaining allegations of Paragraph 9 to the extent they are inconsistent with the applicable law.

11.     LMC is not required to admit or deny the allegations of Paragraph 10 of the Complaint insofar as they contain summaries or conclusions of law. LMC denies the remaining allegations of Paragraph 10 of the Complaint to the extent they are inconsistent with the applicable law.

12.  LMC is not required to admit or deny the allegations of Paragraph 11 of the Complaint insofar as they contain summaries or conclusions of law. LMC denies the remaining allegations of Paragraph 11 to the extent they are inconsistent with the applicable law.

13.  LMC is not required to admit or deny the allegations of Paragraph 12 of the Complaint insofar as they contain summaries or conclusions of law. LMC references the applicable law for the exact terms and conditions thereof. LMC admits that one definition of "fiscal intermediary" is as stated in footnote 1 to Paragraph 12. LMC denies the remaining allegations of Paragraph 12 to the extent they are inconsistent with the applicable law.

14.  LMC is not required to admit or deny the allegations of Paragraph 13 of the Complaint insofar as they contain summaries or conclusions of law. LMC denies the remaining allegations of Paragraph 13 to the extent they are inconsistent with the applicable law.

15.  LMC admits the allegations of Paragraph 14 of the Complaint insofar as they allege that Hospital Cost Reports for certain years contain the language quoted. LMC would reference the Hospital Cost Report form and the law for the exact and complete language of the certification and for the requirements with regard to certification. LMC denies the remaining allegations of Paragraph 14 of the Complaint to the extent they are inconsistent with the applicable law.

16.  LMC is not required to admit or deny the allegations of Paragraph 15 of the Complaint insofar as they allege summaries and conclusions of law. LMC would reference the cited law for the exact provisions thereof. LMC denies the allegations of Paragraph 15 to the extent they are inconsistent with the applicable law.

17.  LMC is not required to admit or deny the allegations of Paragraph 16 insofar as they state summaries or conclusions of law. LMC references the law for the exact terms and

conditions of the process described. LMC denies the remaining allegations of Paragraph 16 to the extent they are inconsistent with the applicable law.

18.    LMC admits the allegations of Paragraph 17 of the Complaint insofar as they allege that LMC submitted claims for reimbursement for its services and hospital cost reports to its fiscal intermediary as required by law and that LMC receives reimbursement for services to Medicare beneficiaries to the extent allowed by Medicare contractors or intemediaries. LMC denies the remainder of the allegations of Paragraph 17 as stated.

19.    LMC admits the allegations of Paragraph 18 of the Complaint insofar as they allege that LMC certifies its hospital cost reports as required by law. LMC affirmatively states that LMC in good faith believes all such cost reports and certifications, including any amendments thereto, were accurate. LMC denies the remainder of the allegations in Paragraph 18 as stated.

20.    LMC admits the allegations of Paragraph 19 insofar as they allege that TRICARE/CHAMPUS provides federal health insurance for active duty members of the armed forces and their families at non-military healthcare facilities. LMC denies the remaining allegations of Paragraph 19 and would reference the law for the exact requirements of the TRICARE/CHAMPUS program. LMC denies the remaining allegations of Paragraph 19 to the extent they are inconsistent with the law.

21.    LMC is not required to admit or deny the allegations of Paragraph 20 of the Complaint insofar as they contain summaries or conclusions of law. LMC would refer to the applicable law for the exact provisions and requirements of the TRICARE/CHAMPUS program. LMC denies the remainder of the allegations of Paragraph 20 to the extent they are inconsistent with the law.

22. LMC is not required to admit or deny the allegations of Paragraph 21 of the Complaint insofar as they contain summaries or conclusions of law. LMC would refer to the applicable law for the exact provisions and requirements of the TRICARE/CHAMPUS program. LMC denies the remainder of the allegations of Paragraph 21 to the extent they are inconsistent with the applicable law.

23. LMC admits the allegations of Paragraph 22 of the Complaint insofar as they allege that LMC submitted claims for reimbursement for its services to TRICARE/CHAMPUS beneficiaries to the appropriate Managed Care Support Contractor or its designee, that LMC received reimbursement for such services, and that LMC submits such certifications as are required by law. LMC affirmatively states that it in good faith believes that all submissions for reimbursement and all certifications, and any amendments thereto, were accurate and in compliance with all applicable laws and regulations. LMC denies the remaining allegations of Paragraph 22 as stated.

24. LMC admits the allegations of Paragraph 23 of the Complaint insofar as they allege the existence and nature of the Medicaid Program but would refer to the applicable law for the exact provisions and requirements of the Medicaid Program. LMC denies the remaining allegations of Paragraph 23 to the extent they are inconsistent with the applicable law.

25. LMC is not required to admit or deny the allegations of Paragraph 24 of the Complaint insofar as they contain summaries or conclusions of law. LMC would refer to the applicable law for the exact provisions and requirements of the Medicaid Program. LMC denies the remaining allegations of Paragraph 24 to the extent they are inconsistent with the applicable law.

26. LMC is not required to admit or deny the allegations of Paragraph 25 of the Complaint insofar as they contain summaries or conclusions of law. LMC references the

applicable law for the exact provisions and requirements of the Medicaid Program. LMC denies the allegations of Paragraph 25 to the extent they are inconsistent with the applicable law.

27.     LMC is not required to admit or deny the allegations of Paragraph 26 of the Complaint insofar as they contain summaries or conclusions of law. LMC references the applicable law for the exact provisions and requirements of the Medicaid Program. LMC denies the allegations of Paragraph 26 to the extent they are inconsistent with the applicable law.

28.     LMC admits the allegations of Paragraph 27 of the Complaint insofar as they allege that LMC submitted claims for reimbursement for its services as required by law and that LMC received reimbursement for some of its services to Medicaid beneficiaries. LMC denies the remainder of the allegations of Paragraph 27 as stated.

29.     LMC admits the allegations of Paragraph 28 of the Complaint insofar as they allege that LMC certifies its hospital cost reports as required by law and affirmatively states that LMC in good faith believes that all such cost reports and certifications, including any amendments thereto, were accurate. LMC denies the remainder of the allegations of Paragraph 28 as stated.

30.     LMC admits the allegations of Paragraph 29 of the Complaint insofar as they accurately quote portions of the False Claims Act. LMC references the law for the exact provisions and requirements thereof. LMC denies the relevance of the quoted language to this matter and denies the remaining allegations of Paragraph 29 to the extent that they are inconsistent with the law.

31.     LMC is not required to admit or deny the allegations of Paragraph 30 of the Complaint insofar as they contain summaries or conclusions of law. LMC admits the allegations contained in footnote 2 of Paragraph 30 but would refer to the Congressional Record and the law for the exact history of the Stark Law. LMC is not required to admit or deny the allegations of

footnote 3 appended to Paragraph 30 insofar as they contain summaries or conclusions of law. LMC references the applicable law for the exact provisions and requirements thereof. LMC denies the allegations of Paragraph 30 to the extent they are inconsistent with the applicable law.

32.    LMC is not required to admit or deny the allegations of Paragraph 31 of the Complaint insofar as they contain summaries or conclusions of law. LMC references the applicable law for the exact provisions and requirements thereof. LMC denies the allegations of Paragraph 31 to the extent they are inconsistent with the applicable law.

33.    LMC is not required to admit or deny the allegations of Paragraph 32 insofar as they contain summaries or conclusions of law. LMC references the law and its legislative history for the exact requirements and provisions thereof. LMC denies the remaining allegations of Paragraph 32 to the extent they are inconsistent with the applicable law or legislative history.

34.    LMC is not required to admit or deny the allegations of Paragraph 33 of the Complaint insofar as they contain summaries or conclusions of law. LMC references the law for the exact provisions and requirements thereof. LMC denies the allegations of Paragraph 33 to the extent that they are inconsistent with the applicable law.

35.    LMC admits the allegations of Paragraph 34 of the Complaint insofar as they allege that a *bona fide* employment relationship with each of its employed physicians. LMC affirmatively states that each such *bona fide* employment relationship meets the requirements of the law, including the Stark Law. LMC denies the remaining allegations of Paragraph 34 of the Complaint to the extent they are inconsistent with the applicable law.

36.    LMC is not required to admit or deny the allegations of Paragraph 35 of the Complaint insofar as they contain summaries or conclusions of law. LMC references the law for the exact requirements and provisions thereof. LMC denies the allegations of Paragraph 35 to the extent they are inconsistent with the applicable law.

37.     LMC is not required to admit or deny the allegations of Paragraph 36 of the Complaint insofar as they contain summaries or conclusions of law. LMC references the law for the exact requirements and provisions thereof. LMC denies the allegations of Paragraph 36 to the extent they are inconsistent with the applicable law.

38.     LMC is not required to admit or deny the allegations of Paragraph 37 of the Complaint insofar as they contain summaries or conclusions of law. LMC references the law for the exact requirements and provisions thereof. LMC denies the applicability of the quoted Stark Law exception regarding mandated referrals as LMC does not mandate that its employed physicians refer to LMC. LMC denies the remaining allegations of Paragraph 37.

39.     LMC is not required to admit or deny the allegations of Paragraph 38 of the Complaint as they contain summaries or conclusions of law. Nevertheless, LMC denies the Plaintiff-Relator's restatement of the law in Paragraph 38 and denies the law's applicability to LMC. LMC denies the remaining allegations of Paragraph 38 to the extent they are inconsistent with the law.

40.     LMC is not required to admit or deny the allegations of Paragraph 39 of the Complaint as they contain summaries or conclusions of law. LMC references the law for the exact requirements and provisions thereof. LMC denies the allegations of Paragraph 39 to the extent they are inconsistent with the law.

41.     LMC is not required to admit or deny the allegations of Paragraph 40 of the Complaint as they contain summaries or conclusions of law. LMC references the law for the exact requirements and provisions thereof. LMC denies the allegations of Paragraph 40 to the extent they are inconsistent with the law.

42.     LMC is not required to admit or deny the allegations of Paragraph 41 of the Complaint as they contain summaries or conclusions of law. LMC references the law for the

exact requirements and provisions thereof. LMC denies the allegations of Paragraph 41 to the extent they are inconsistent with the law.

43.     LMC is not required to admit or deny the allegations of Paragraph 42 of the Complaint as they contain summaries or conclusions of law. LMC references the law for the exact requirements and provisions thereof. LMC denies the allegations of Paragraph 42 to the extent they are inconsistent with the law.

44.     LMC is not required to admit or deny the allegations of Paragraph 43 of the Complaint as they contain summaries or conclusions of law. LMC references the law for the exact requirements and provisions thereof. LMC denies the allegations of Paragraph 43 to the extent they are inconsistent with the law.

45.     LMC is not required to admit or deny the allegations of Paragraph 44 of the Complaint as they contain summaries or conclusions of law. LMC references the law for the exact requirements and provisions thereof. LMC denies the allegations of Paragraph 44 to the extent they are inconsistent with the law.

46.     LMC is not required to admit or deny the allegations of Paragraph 45 of the Complaint as they contain summaries or conclusions of law. LMC references the law for the exact requirements and provisions thereof. LMC denies the allegations of Paragraph 45 to the extent they are inconsistent with the law.

47.     LMC is not required to admit or deny the allegations of Paragraph 46 of the Complaint as they contain summaries or conclusions of law. LMC references the law for the exact requirements and provisions thereof. LMC denies the allegations of Paragraph 46 to the extent they are inconsistent with the law.

48.     LMC is not required to admit or deny the allegations of Paragraph 47 of the Complaint as they contain summaries or conclusions of law. LMC references the law for the

exact requirements and provisions thereof. LMC denies the allegations of Paragraph 47 to the extent they are inconsistent with the law.

49.     LMC is not required to admit or deny the allegations of Paragraph 48 of the Complaint as they contain summaries or conclusions of law. LMC references the law for the exact requirements and provisions thereof. LMC denies the allegations of Paragraph 48 to the extent they are inconsistent with the law.

50.     LMC denies the allegations of Paragraph 49 of the Complaint and would affirmatively state that LMC's employed physician contracts are and, at all times relevant, have been compliant with the law, that compensation paid under LMC's employed physician contracts is consistent with fair market value, and is commercially reasonable, that all practice acquisitions and all payments made in connection with practice acquisitions are and were, at all times relevant, in compliance with the law, that LMC does not pay for or mandate DHS referrals by its employed physicians, and that no employed physician's compensation is conditioned on referrals.

51.     LMC denies the allegations of Paragraph 50 of the Complaint and would affirmatively state that LMC's employed physician contracts are and, at all times relevant, have been compliant with the law, that compensation paid under LMC's employed physician contracts is consistent with fair market value, and is commercially reasonable, that all practice acquisitions and all payments made in connection with practice acquisitions are and were, at all times relevant, in compliance with the law, that LMC does not pay for or mandate DHS referrals by its employed physicians, and that no employed physician's compensation is conditioned on referrals.

52.     LMC denies the allegations of Paragraph 51 of the Complaint and would affirmatively state that LMC's employed physician contracts are and, at all times relevant, have

been compliant with the law, that compensation paid under LMC's employed physician contracts is consistent with fair market value, and is commercially reasonable, that all practice acquisitions and all payments made in connection with practice acquisitions are and were, at all times relevant, in compliance with the law, that LMC does not pay for or mandate DHS referrals by its employed physicians, and that no employed physician's compensation is conditioned on referrals.

53.     LMC admits the allegations of Paragraph 52 insofar as they allege that Dr. Hammett is a medical doctor who practices neurology. LMC lacks information sufficient to form a belief as to the remaining allegations of Paragraph 52 and, therefore, denies them and demands strict proof thereof.

54.     LMC admits the allegations of Paragraph 53 insofar as they allege that Dr. Hammett at some point in time practiced medicine with Columbia Medical Group located at 4540 Trenholm Road, Columbia South Carolina 29206. LMC lacks information sufficient to form a belief as to the remaining allegations of Paragraph 53 and, therefore, denies them and demands strict proof thereof.

55.     LMC lacks information sufficient to form a belief as to the allegations of Paragraph 54 and, therefore, denies them and demands strict proof thereof.

56.     LMC lacks information sufficient to form a belief as to the allegations of Paragraph 55 and, therefore, denies them and demands strict proof thereof.

57.     LMC lacks information sufficient to form a belief as to the allegations of Paragraph 56 and, therefore, denies them and demands strict proof thereof.

58.     LMC admits the allegations of Paragraph 57 of the Complaint insofar as they allege that, in or about February 2011, LMC and partners in Columbia Medical Group began negotiations for LMC's purchase of Columbia Medical Group assets and employment of

physicians previously employed by Columbia Medical Group. LMC further admits the allegations of Paragraph 57 insofar as they allege that, as a non-partner, Plaintiff-Relator was not involved in the negotiations. LMC lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 57 and, therefore, denies them and demands strict proof thereof.

59.     LMC admits so much of the allegations of Paragraph 58 of the Complaint as allege that, in 2011, LMC made an offer to purchase the assets of The Columbia Medical Group and to employ certain Columbia Medical Group physicians and employees. LMC denies that it offered any "extremely high" payments to Columbia Medical Group and would affirmatively allege that all payments offered in connection with the practice acquisition and the compensation offered to physicians in connection with their employment by LMC was, and is, consistent with fair market value and was, and is, commercially reasonable. LMC lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 58 and, therefore, denies them and demands strict proof thereof.

60.     LMC admits that footnote 4 of Paragraph 59 contains one definition of a "relative value unit." LMC lacks information sufficient to form a belief as to the remaining allegations of Paragraph 59 and, therefore, denies them and demands strict proof thereof. LMC affirmatively states in response to the allegations of Paragraph 59 that all payments offered in connection with the acquisition of Columbia Medical Group assets and the compensation offered to Columbia Medical Group physicians in connection with their employment by LMC was, and is, compliant with the law.

61.     LMC lacks information sufficient to form a belief as to the allegations of Paragraph 60 and, therefore, denies them and demands strict proof thereof. LMC affirmatively states in response to the allegations of Paragraph 60 that all payments offered in connection with

the acquisition of Columbia Medical Group assets and the compensation offered to Columbia Medical Group physicians in connection with their employment by LMC was, and is, compliant with the law.

62.     LMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Complaint and, therefore, denies them and demands strict proof thereof. LMC affirmatively states in response to the allegations of Paragraph 61 that all payments offered in connection with the acquisition of Columbia Medical Group assets and the compensation offered to Columbia Medical Group physicians in connection with their employment by LMC was, and is, compliant with the law.

63.     LMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Complaint and, therefore, denies them and demands strict proof thereof. LMC affirmatively states in response to the allegations of Paragraph 62 that all payments offered in connection with the acquisition of Columbia Medical Group assets and the compensation offered to Columbia Medical Group physicians in connection with their employment by LMC was, and is, compliant with the law.

64.     LMC admits the allegations of Paragraph 63 insofar as they allege that, at some time during LMC's negotiations with Columbia Medical Group, a meeting was held at Diane's Restaurant to discuss the negotiations and that the persons named in Paragraph 63 of the Complaint were among the attendees at the meeting. LMC denies the remaining allegations of Paragraph 63 as stated and demands strict proof thereof.

65.     LMC admits the allegations of Paragraph 64 insofar as they allege that, at the meeting, LMC provided certain financial information to the partners of Columbia Medical Group but not to Plaintiff-Relator, and that Plaintiff-Relator was provided with information concerning

14

the offer of employment directed to him. LMC denies the remaining allegations of Paragraph 64 as stated and demands strict proof thereof.

66.    LMC admits the allegations of Paragraph 65 of the Complaint insofar as they allege that the partners of Columbia Medical Group accepted LMC's offer to purchase some of the  assets of Columbia Medical Group, including certain imaging equipment, and to employ the Columbia Medical Group partner-physicians, and that Plaintiff-Relator accepted the offer of employment extended to him by LMC. LMC further admits that Columbia Medical Group is a d/b/a utilized by LMC for the group of LMC employed physicians previously associated with Columbia Medical Group and that these physicians are located in the same physical location previously occupied by Columbia Medical Group. LMC denies the remaining allegations of Paragraph 65 as stated and demands strict proof thereof.

67.    LMC admits the allegations of Paragraph 66 of the Complaint insofar as they allege that Plaintiff-Relator became an employee of LMC on May 16, 2011 and that **Exhibit A** to the Complaint is a copy of Plaintiff-Relator's Employment Agreement with LMC. LMC denies the remaining allegations of Paragraph 66 as stated and demands strict proof thereof.

68.    LMC admits the allegations of Paragraph 67 of the Complaint insofar as they allege that LMC committed resources, staffing and supplies to ensure the success of the practices of the physicians previously employed by Columbia Medical Group, and that these employed physicians eventually utilized LMC's electronic health records system. LMC lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 67 of the Complaint and, therefore, denies them and demands strict proof thereof.

69.    LMC admits so much of the allegations of Paragraph 68 of the Complaint as allege that LMC provided its physicians with information concerning their relative productivity. LMC lacks information sufficient to form a belief as to the allegations concerning Plaintiff-

Relator's alleged experience regarding financial scrutiny and, therefore, denies them and demands strict proof thereof. LMC denies the remaining allegations of Paragraph 68 as stated and demands strict proof thereof.

70.    LMC admits the allegations of Paragraph 69 of the Complaint that David Gavin became an employee of LMC in 2011 and that he would on occasion meet with physicians, including physicians working for LMC in the Columbia Medical Group practice. LMC admits that David Gavin was succeeded in his role as practice manager for Columbia Medical Group by Ray Weigner. LMC lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 69 and, therefore, denies them and demands strict proof thereof.

71.    LMC is informed and believes and, on that basis, admits the allegations of Paragraph 70 of the Complaint that David Gavin conducted analyses of utilization of ancillary services at Columbia Medical Group. LMC lacks information sufficient to form a belief as to whether **Exhibit B** is one such analysis and, therefore, denies that it is. LMC further lacks information sufficient to form a belief as to the remaining allegations of Paragraph 70 of the Complaint and, therefore, denies them and demands strict proof thereof.

72.    LMC lacks information sufficient to form a belief as to the truth of the allegations of Paragraphs 71 and 72 of the Complaint and, therefore, denies them and demands strict proof thereof. LMC affirmatively states that LMC's employed physician contracts are and, at all times relevant, have been compliant with the law, that compensation paid under LMC's employed physician contracts is consistent with  fair market value, and is commercially reasonable, that all practice acquisitions and all payments made in connection with practice acquisitions are and were, at all times relevant, in compliance with the law, and that LMC does not condition compensation of its employed physicians on referrals.

73.     LMC denies the allegations of Paragraph 73 of the Complaint insofar as they allege that imaging services offered by LMC to a Medicare beneficiary would be "more affordable" at Palmetto Imaging. LMC lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 73 of the Complaint and, therefore, denies them.

74.     LMC lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 74 of the Complaint and, therefore, denies them and demands strict proof thereof. LMC affirmatively asserts on information and belief that Plaintiff-Relator on more than one occasion acted against the specific stated preferences of patients in referring them to MRI providers outside LMC's network despite the patients' insurance coverage for LMC's services.

75.     LMC is informed and believes and, on that basis, admits the allegations of Paragraph 75 insofar as they allege that Dr. Meadows, as the practice Medical Director, made inquiry of the Plaintiff-Relator regarding whether a problem existed with Columbia Medical Group's MRI machine. LMC lacks information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 75 on information and belief, and therefore denies them and demands strict proof thereof.

76.     LMC admits the allegations of Paragraph 76 of the Complaint insofar as they allege that Dr. Meadows and Casey Spotts made inquiries concerning whether Plaintiff-Relator's choice to refer patients to other MRI providers was related to any quality concerns with LMC's MRI equipment or personnel. LMC denies the remaining allegations of Paragraph 76 as stated and demands strict proof thereof.

77.     LMC is informed and believes and, on that basis, admits the allegations of Paragraph 77 that Dr. Meadows was informed by patients that they were referred against their specific stated preferences to MRI providers outside LMC's network despite the patients'

insurance coverage for LMC's services and the comparable cost of the services. LMC denies the remaining allegations of Paragraph 77 as stated and demands strict proof thereof.

78.     LMC denies the allegations of Paragraph 78 of the Complaint as stated.

79.     LMC admits the allegations of Paragraph 79 of the Complaint insofar as they allege that Plaintiff-Relator was terminated from employment by LMC on July 2, 2013. LMC would affirmatively allege that Plaintiff-Relator was terminated because of his refusal to submit to a drug and alcohol screening test requested by LMC in accordance with its written policies and not because of Plaintiff-Relator's choice to refer certain patients to other MRI providers.

80.     LMC denies the allegations of Paragraph 80 as stated and demands strict proof thereof. Further, to the extent the allegations of Paragraph 80 reference email correspondence, LMC craves reference to such correspondence for the exact content thereof.

81.     LMC denies the allegations of Paragraph 81 and would affirmatively state that, following his termination for cause, Plaintiff-Relator was bound by the surviving valid and enforceable terms of his Employment Agreement, including the non-compete provision to which Plaintiff-Relator promised to be bound and for which Plaintiff-Relator was paid legally sufficient compensation in the amount of $40,000.

82.     LMC lacks information sufficient to form a belief as to the truth of the allegations in Paragraphs 82 regarding what Plaintiff–Relator believed, and therefore denies them and demands strict proof thereof.

83.     LMC denies the allegations of Paragraph 83 of the Complaint.

84.     LMC denies the allegations of Paragraph 84 of the Complaint as stated.

85.     LMC denies the allegations of Paragraph 85 of the Complaint.

86.     LMC admits the allegations of Paragraph 86 insofar as they allege that Plaintiff-Relator's employment contract is attached as **Exhibit A** to the Amended Complaint. LMC states

further that the contract is the best evidence of its terms. LMC denies the remaining allegations of Paragraph 86.

87.    LMC denies the allegations of Paragraphs 87 (including footnote 5) and 88 to the extent they are inconsistent with the terms of Plaintiff-Relator's employment agreement and references the employment agreement for the exact terms and conditions thereof. LMC denies the remaining allegations of Paragraphs 87 and 88.

88.    LMC admits the allegations of Paragraph 89 insofar as they allege that the Plaintiff-Relator was paid the amounts due under the formula established in his Employment Agreement with LMC, which formula was based on Plaintiff-Relator's productivity. LMC lacks information sufficient to form a belief as to Plaintiff-Relator's expectations or as to the truth of the remaining allegations of Paragraph 89 and, therefore, denies them and demands strict proof thereof.

89.    LMC denies the allegations of Paragraph 90 of the Complaint except insofar as they allege that there is nothing specifically impermissible about a compensation system tied to productivity. LMC further affirmatively states that LMC's employed physician contracts are and, at all times relevant, have been compliant with the law, that  compensation paid under LMC's employed physician contracts is consistent with fair market value, and is commercially reasonable, that all practice acquisitions and all payments made in connection with practice acquisitions are and were, at all times relevant, in compliance with the law, and that LMC does not condition compensation on referrals.

90.    LMC admits the allegations of Paragraph 91 of the Complaint insofar as they allege that Dr. Meadows was paid the compensation due her under Dr. Meadows' employment agreement with LMC, and that total compensation was in excess of $500,000.

91.     LMC admits the allegations of Paragraph 92 of the Complaint insofar as they admit the existence of the MGMA Physician Compensation and Production Survey but denies the allegations of Paragraph 92 summarizing and characterizing the MGMA surveys to the extent they are inconsistent with the relevant MGMA surveys. LMC denies the remaining allegations of Paragraph 92.

92.     LMC denies the allegations of Paragraph 93 of the Complaint and would affirmatively state that LMC's employed physician contracts are and, at all times relevant, have been compliant with the law, that compensation paid under LMC's employed physician contracts is consistent with fair market value, and is commercially reasonable, that all practice acquisitions and all payments made in connection with practice acquisitions are and were, at all times relevant, in compliance with the law, and that LMC does not condition compensation on referrals by its employed physicians.

93.     LMC denies the allegations of Paragraphs 94 of the Complaint.

94.     LMC admits the allegations of Paragraph 95 of the Complaint insofar as they allege that LMC reviewed various information and reports prior to the acquisition of CMG. LMC denies the remaining allegations of Paragraph 95 as stated.

95.     LMC denies the allegations of Paragraphs 96, 97, and 98 of the Complaint and would affirmatively state that LMC's employed physician contracts are and, at all times relevant, have been compliant with the law, that compensation paid under LMC's employed physician contracts is consistent with fair market value, and is commercially reasonable, that all practice acquisitions and all payments made in connection with practice acquisitions are and were, at all times relevant, in compliance with the law, and that LMC does not condition compensation on referrals by its employed physicians.

96.     LMC denies the allegations of Paragraphs 99 and 100 of the Complaint and would would affirmatively state that LMC's employed physician contracts are and, at all times relevant, have been compliant with the law, that compensation paid under LMC's employed physician contracts is consistent with fair market value, and is commercially reasonable, that all practice acquisitions and all payments made in connection with practice acquisitions are and were, at all times relevant, in compliance with the law, and that LMC does not condition compensation on referrals by its employed physicians.

97.     LMC denies the allegations of Paragraphs 101 and 102 of the Complaint and would affirmatively state that LMC's employed physician contracts are and, at all times relevant, have been compliant with the law, that compensation paid under LMC's employed physician contracts is consistent with fair market value, and is commercially reasonable, that all practice acquisitions and all payments made in connection with practice acquisitions are and were, at all times relevant, in compliance with the law, and that LMC does not condition compensation on referrals by its employed physicians.

98.     LMC denies the allegations of Paragraphs 103, 104, and 105 of the Complaint and would affirmatively state that LMC's employed physician contracts are and, at all times relevant, have been compliant with the law, that compensation paid under LMC's employed physician contracts is consistent with fair market value, and is commercially reasonable, that all practice acquisitions and all payments made in connection with practice acquisitions are and were, at all times relevant, in compliance with the law, and that LMC does not condition compensation on referrals by its employed physicians.

99.     LMC is not required to admit or deny the allegations of Paragraph 106 of the Complaint insofar as they contain summaries or conclusions of law.

100.    LMC admits so much of the allegations of Paragraph 107 as allege that LMC has *bona fide* employment relationships with its employed physicians. LMC denies the remaining allegations of Paragraph 107 as stated and would affirmatively allege that LMC's employed physician contracts are and, at all times relevant, have been compliant with the law, that compensation paid under LMC's employed physician contracts is consistent with fair market value, and is commercially reasonable, that all practice acquisitions and all payments made in connection with practice acquisitions are and were, at all times relevant, in compliance with the law, and that LMC does not condition compensation on referrals by its employed physicians.

101.    LMC denies the allegations of Paragraph 108, including subparts a through f, of the Complaint.

102.    LMC is not required to admit or deny the allegations of Paragraph 109 of the Complaint insofar as they contain summaries or conclusions of law.

103.    LMC admits the allegations of Paragraph 110 of the Complaint insofar as they allege that LMC made all required certifications when it enrolled in Medicare and when it submitted Hospital Cost Reports. LMC denies the remaining allegations of Paragraph 110 as stated.

104.    LMC is not required to admit or deny the allegations of Paragraph 111 of the Complaint insofar as they contain summaries or conclusions of law.

105.    LMC denies the allegations of Paragraphs 112, 113, and 114 of the Complaint.

106.    LMC is not required to admit or deny the allegations of Paragraph 115 of the Complaint insofar as they state summaries or conclusions of law.

107.    LMC admits the allegations of Paragraph 116 of the Complaint insofar as they allege that LMC made all certifications required by the Medicare Program. LMC denies the remaining allegations of Paragraph 116 as stated.

108.    LMC denies the allegations of Footnote 6, which is appended to the Title of Count I of the Complaint, and demands strict proof thereof. LMC further alleges that, to the extent Plaintiff-Relator seeks to assert claims outside the statute of limitations, such claims are barred.

109.    Answering the allegations of Paragraph 117 of the Complaint, LMC reiterates its answers set forth above as fully as if repeated verbatim herein

110.    LMC is not required to admit or deny the allegations of Paragraph 118 insofar as they contain summaries or conclusions of law. LMC affirmatively states that at all time relevant LMC acted in compliance with all laws governing reimbursement from federal healthcare programs.

111.    LMC is not required to admit or deny the allegations of Paragraph 119 of the Complaint insofar as they state summaries or conclusions of law. LMC affirmatively states that, at all times relevant, LMC has taken all corrective actions regarding reimbursement claims as were required by law and denies any allegations to the contrary.

112.    LMC denies the allegations of Paragraph 120, including subparts a through h, of the Complaint.

113.    LMC denies the allegations of Paragraphs 121, 122, 123, 124, 125, and 126 of the Complaint.

114.    LMC denies the allegations of Footnote 7, which is appended to the Title of Count II of the Complaint, and demands strict proof thereof. LMC further alleges that, to the extent Plaintiff-Relator seeks to assert claims outside the statute of limitations, such claims are barred.

115.    Answering the allegations of Paragraph 127 of the Complaint, LMC reiterates its answers set forth above as fully as if repeated verbatim herein.

116.     LMC admits the allegations of Paragraph 128 insofar as they allege that LMC had custody and control over government monies paid to it and that some monies were subject to year-end correction. LMC denies the remaining allegations of Paragraph 128 as stated.

117.     LMC denies the allegations of Paragraphs 129, 130, 131, and 132 of the Complaint.

118.     Answering the allegations of Footnote 8, which is appended to the Title of Count III of the Complaint, LMC denies them and demands strict proof thereof. LMC further alleges that, to the extent Plaintiff-Relator seeks to assert claims outside the statute of limitations, such claims are barred.

119.     Answering the allegations of Paragraph 133 of the Complaint, LMC reiterates its answers set forth above as fully as if repeated verbatim herein.

120.     LMC admits the allegations of Paragraph 134 insofar as they allege that LMC submitted claims for reimbursement which stated the amounts to which LMC was legally entitled. LMC denies the remaining allegations of Paragraph 134 as stated.

121.     LMC denies the allegations of Paragraphs 135, 136, 137, and 138, being the remaining allegations of Plaintiffs' Complaint.

## **Affirmative Defenses**

Without admitting the truth of any of the allegations of the Complaint, LMC asserts the following Affirmative Defenses in further defense to the Complaint.  By alleging the matters set forth below, LMC does not admit or concede that LMC has the burden of proof, or the burden of persuasion, with respect to any of these matters. LMC reserves the right to assert all affirmative defenses under Fed. R. Civ. P. 8(c) and any other defenses that are now available or may become available based on discovery or other factual investigation.

## AS A THIRD AND AFFIRMATIVE DEFENSE
(Good Faith)

Any actions undertaken by LMC with respect to the subjects described in the complaint were in good faith and constitute lawful, proper, justified, and/or privileged conduct. As a result, the United States' claims for relief are barred.

## AS A FOURTH AND AFFIRMATIVE DEFENSE
(Stark Law - No Required Referrals.)

Plaintiffs fail to plead or prove, and cannot show, that LMC physicians' compensation was conditioned on referrals. Accordingly, the Stark Law regulatory prerequisites for conditioning compensation on referrals, 42 C.F.R. § 411.354(d)(4), is not applicable or necessary, and Plaintiffs have not stated a claim for a Stark violation involving a prohibited referral arrangement. In the alternative, if this Court determines the foregoing to be an affirmative defense, LMC asserts that the requirements of 42 C.F.R. § 411.354(d)(4) are inapplicable because LMC does not and did not, at all times relevant, mandate referrals by its employed physicians and neither LMC's employment agreements with its physicians nor any other agreements or policies or practices, oral or written, required such referrals. Further, except for Plaintiff-Relator's allegations regarding his own employment, the Complaint does not allege that any employed physician was fired or otherwise adversely affected due to a failure to refer. Further, tracking the use of services (including DHS) and revenue within a practice location does not constitute a referral requirement, nor does encouraging referrals or providing data about referrals. The referral "mandate" referred to in the Complaint is not memorialized because it does not exist.

## AS A FIFTH AND AFFIRMATIVE DEFENSE
(Stark Law – Bona Fide Employment Exception)

LMC asserts and preserves the position that Plaintiffs have failed to state a claim for a Stark Law violation simply by alleging a financial relationship between LMC and its physicians. Plaintiffs must also prove that the relationship does not fall within one of the Stark Law exceptions. In the alternative, and in the event the Court rules it is LMC's burden to prove such an exception, LMC asserts that LMC's employment agreements with its physicians are compliant with and meet all of the requirements of the Stark Law's *bona fide* employment exception, 42 C.F.R. § 411.357(c).

## AS A SIXTH AND AFFIRMATIVE DEFENSE
(Anti-Kickback Statute – Bona Fide Employment Relationships)

Plaintiffs have alleged, and LMC admits, that the employment agreements at issue in this case are *bona fide* employment agreements. The Anti-Kickback statute's employment exception and safe harbor permit any payment methodology for bona fide employees, including the type of arrangement that Plaintiffs allege existed at LMC. Therefore, the Complaint does not allege an Anti-Kickback Statute violation as a matter of law. In the alternative, if the Court deems this an affirmative defense, LMC pleads that the employment agreements at issue do not violate the Anti-Kickback statute because they are bona fide employment agreements covered by the law's employment exception and safe harbor. *See* 42 U.S.C. § 1320(b)(3)(B); 42 C.F.R. § 1001.952(i).

## AS A SEVENTH AND AFFIRMATIVE DEFENSE
(Public Disclosure)

The court lacks jurisdiction over some or all of the allegations under the False Claims Act pursuant to 31 U.S.C. § 3730(e)(4)(A) because the claims were publicly disclosed prior to the filing and unsealing of the lawsuit and Relator is not an original source of the information as defined by 31 U.S.C. § 3730(e)(4)(B).

## AS AN EIGHTH AND AFFIRMATIVE DEFENSE

(Estoppel)

Estoppel bars any relief on Plaintiff-Relator's claims on behalf of the United States.

### AS A NINTH AND AFFIRMATIVE DEFENSE
(Waiver)

Waiver bars any relief on Plaintiff-Relator's claims on behalf of the United States.

### AS A TENTH AND AFFIRMATIVE DEFENSE
(Limitations on Damages)

The treble damages and civil penalties authorized under the False Claims Act so far exceed any actual loss incurred by the government as a result of any claims paid, that imposition of such treble damages and fines violates applicable law, including but not limited to the Eighth Amendment's prohibition on excessive fines.

### AS AN ELEVENTH AND AFFIRMATIVE DEFENSE
(Statute of Limitations)

Plaintiff-Relator's claims on behalf of the United States are barred in whole or in part by the applicable statutes of limitations.

### AS A TWELFTH AND AFFIRMATIVE DEFENSE
(Unclean Hands)

Plaintiff-Relator's equitable claims on behalf of the United States are barred in whole or in part by the doctrine of unclean hands.

### AS A THIRTEENTH AND AFFIRMATIVE DEFENSE
(Release of Claims)

Plaintiff-Relator's claims on behalf of the United States are barred in whole or in part by Plaintiff-Relator's release of all such claims against LMC in a prior action.

WHEREFORE, having fully responded to the allegations of Plaintiffs' Complaint, LMC requests that the Court award the following relief:

1. Dismiss the Complaint with prejudice to the Plaintiffs;
2. Declare that the Plaintiffs are not entitled to recovery against LMC;
3. Grant such other and further relief in favor of LMC as the Court deems just and proper.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

s/William C. Hubbard
William C. Hubbard
Federal Bar No. 1988
E-Mail: william.hubbard@nelsonmullins.com
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC  29201
(803) 799-2000

PARKER POE ADAMS & BERNSTEIN LLP

s/William R. Thomas.
David B. Summer, Jr. (Fed ID # 4383)
William R. Thomas (Fed ID # 7390)
1201 Main Street, Suite 1450
Post Office Box 1509
Columbia, South Carolina 29202-1509
Telephone: 803-255-8000
Facsimile: 803-255-8017
davidsummer@parkerpoe.com
willthomas@parkerpoe.com

Attorneys for Defendant Lexington County Health Services District, Inc. d/b/a Lexington Medical Center

February 18, 2016

Columbia, South Carolina